UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                              CASE NO.  8:07-cr-99-T-23TBM

JOSE ANTONIO GOVEA-ZARAGOZA
_____/


### ORDER

After pleading guilty to counts one and two of the indictment, Govea-Zaragoza

was sentenced to two concurrent terms of two hundred thirty-five months' imprisonment.

The judgment (Doc. 251) was entered September 14, 2007.  Govea-Zaragoza's Section

2255 motion (Doc. 328) was dismissed as premature on October 31, 2007 (Doc. 336).

The Eleventh Circuit's mandate (Doc. 484) affirming Govea-Zaragoza's sentence issued

March 10, 2009.

Govea-Zaragoza moves (Doc. 507) for an order directing former defense counsel

to "surrender to the Petitioner the defense file maintained by him with regard to the

above-referenced criminal action" so that Govea-Zaragoza "may assess the feasibility

of presenting a collateral attach upon the conviction and/or sentence."  United States v.

Warmus, 151 Fed. Appx. 783, 787 (11th Cir. 2005), states:

> When a prisoner has not filed a motion to vacate his sentence, however,
> the "prisoner is not entitled to obtain copies of court records at the
> government's expense to search for possible defects merely because he is
> indigent."  United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973);
> Skinner v. United States, 434 F.2d 1036, 137  (5th Cir. 1970).  These cases
> dealt only with documents in the possession of the court, and Warmus

seeks documents from the government and his attorney.  Nevertheless, the cases are analogous to Warmus's case because Warmus does not point to a specific legal filing for which he needs the documents and, thus, it appears that he is attempting to "search for possible defects" at government expense.  See Herrera, 474 F.2d at 1049.

 See also United States v. Lewis, 37 F.3d 1510 (table), 1994 WL 563442 (10th Cir. 1994); Walker v. United States, 424 F.2d 278 (5th Cir. 1970); United States v. MacCollom, 426 U.S. 317, 96 S. Ct. 2086 (1976).  Accordingly, the motion for an order directing counsel to surrender the defense file is **DENIED**.

ORDERED in Tampa, Florida, on December 28, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE